**E-FILED**
Tuesday, 17 May, 2016  11:56:06 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ABDUL LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 16-3095 |
| | ) | |
| WEXFORD HEALTH SOURCES, | ) | |
| INC., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and presently incarcerated at Western Illinois Correctional Center, brings the present lawsuit pursuant to 42 U.S.C. § 1983 alleging deliberate indifference to his serious medical needs.  The matter comes before this Court for merit review under 28 U.S.C. §1915A.  In reviewing the complaint, the Court takes all factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for

relief that is plausible on its face." Alexander v. U.S., 721 F.3d 418,

422 (7th Cir. 2013) (internal citation omitted).

**ALLEGATIONS**

Plaintiff's allegations arise out of incidents that allegedly

occurred at Western Illinois Correctional Center ("Western").

Plaintiff has named the Acting Director of the Illinois Department of

Corrections ("IDOC"), medical officials, and administrators at

Western as defendants.

Plaintiff alleges that he suffers from Crohn's Disease and that,

while incarcerated at Stateville Correctional Center, he was under

the care of an outside medical specialist.  Plaintiff alleges that in

August 2015, before a scheduled appointment with this specialist,

he was transferred to Western.  Plaintiff alleges that he

subsequently missed the appointment because officials at Western

did not take him.  Plaintiff alleges that, despite his efforts, he was

not taken to see the specialist until March 2016.

Plaintiff also alleges that he was housed in the segregation

unit for at least 17 days.  During those 17 days, Plaintiff alleges

that prison officials failed to provide him with three (3) of his

previously prescribed medications.  Plaintiff alleges that he suffered

from a constant burning sensation in his stomach and rectum as a result.  Plaintiff alleges also that he suffered from itchy, flaky, dry skin that would crack and bleed.

## ANALYSIS

## Medical Claims

To state an Eighth Amendment claim for inadequate medical care, the Plaintiff must allege that the prison official acted with deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 105 (1976).  Plaintiff has sufficiently alleged that he suffered from an objectively serious medical disease.  See King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012) ("An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." (internal quotations omitted)).

Deliberate indifference is more than negligence, but does not require the plaintiff to show that the defendants intended to cause harm.  Mayoral v. Sheehan, 245 F.3d 934, 938 (7th Cir. 2001). Liability attaches under the Eighth Amendment when "the official knows of and disregards an excessive risk to inmate health or

safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff states a claim for the denial of his prescription medications while he was housed in segregation. At this point, the determination of whether any defendant was deliberately indifferent in not providing those medications requires a more developed record. Therefore, the Court cannot rule out a constitutional claim.

Plaintiff has also stated a claim for the alleged refusal or delay related to the follow-up appointment with the outside specialist. Plaintiff's allegations suggest that the need for this specialist would have been disclosed in Plaintiff's medical records. See Pyles v. Fahim, 771 F.3d 403, 412 (7th Cir. 2014) ("[I]f the need for specialized expertise was known by the treating physicians or would have been obvious to a lay person, then the 'obdurate refusal' to engage specialists permits an inference that a medical provider was deliberately indifferent to the inmate's condition."); Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011) ("Delay in treating a

condition that is painful even if not life-threatening may well constitute deliberate indifference...." (citations omitted)).

Certain defendants, however, should be dismissed as no plausible claim arises from Plaintiff's allegations.  Plaintiff alleges that Defendant Wexford Health Sources, the private corporation contracted to provide medical services at the prison, had a policy that required a medical hold be placed on an inmate awaiting follow-up medical treatment.  A private corporation may be held liable under § 1983 if "the constitutional violation was caused by an unconstitutional policy or custom of the corporation itself," but may not be held liable under a theory of respondeat superior.  E.g. Shields v. Ill. Dept. of Corr., 746 F.3d 782, 789 (7th Cir. 2014) (citing Iskander v. Village of Forest Park, 690 F.2d 126, 128 (7th Cir. 1982)).  Even though a Wexford employee may have violated that policy, the policy itself appears to facilitate an inmate's required medical treatment, rather than deny it.  Therefore, Defendant Wexford will be dismissed.

With regard to Defendant Korte, the Warden, and Defendant Baldwin, the Acting Director of IDOC, Plaintiff makes no specific allegations against them in the body of the complaint.  "Section

1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (citations omitted).  A plaintiff must plead that each official, "though the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  A government official may not be held liable under § 1983 on a theory of respondeat superior, that is, for the unconstitutional acts of his or her subordinates.  Id.  To be held liable, a government supervisor "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye...."  Vance, 97 F.3d at 993 (quoting Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995)).  There is no indication that these defendants played any role in the deprivation Plaintiff alleges.  Therefore, any claims against Defendants Baldwin and Korte will be dismissed.

Defendant Korte, however, shall remain a defendant for purposes of identifying the Doe defendants Plaintiff names in his Complaint.  See Donald v. Cook Cnty. Sheriff's Dep't, 95 F.3d 548, 555-56 (7th Cir. 1996) (Court may name high level administrators as

defendants for purposes of identifying Doe defendants).  Once those

defendants are identified, Defendant Korte may file an appropriate

motion seeking his dismissal.

## Motion to Request Counsel

Plaintiff filed a Motion to Request Counsel.  (Doc. 4).  The

Plaintiff has no constitutional or statutory right to counsel in this

case. In considering the Plaintiff's motion, the court asks: (1) has

the indigent Plaintiff made a reasonable attempt to obtain counsel

or been effectively precluded from doing so; and if so, (2) given the

difficulty of the case, does the plaintiff appear competent to litigate

it himself? Pruitt v. Mote, 503 F.3d 647, 654-55 (7th Cir. 2007),

citing Farmer v. Haas, 990 F.2d 319, 322 (7th Cir.1993).  Plaintiff

has shown that he made a reasonable attempt to secure counsel on

his own.  The Court, however, finds that Plaintiff is capable of

representing himself at this time.  Plaintiff's correspondence with

the Court has been appropriate, he has personal knowledge of the

facts, and his claims are not overly complex at this stage in the

litigation.  Therefore, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED:**

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following claim: Eighth Amendment claim for deliberate indifference to a serious medical need against Defendants Baker, Butler, Hobrock, and Unknown Jane and John Does. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)      Clerk is directed to dismiss Defendants Wexford Health Sources and Baldwin.

3)      Defendant Korte shall remain a defendant solely for the purpose of assisting in the identification of the Jane and John Doe defendants. Once those defendants are adequately identified, Defendant Korte may file an appropriate motion seeking dismissal.

4)      This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5)      The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6)      With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

7)      Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.  In general, an answer sets forth Defendants' positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants.  Therefore, no response to the answer is necessary or will be considered.

8)      This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

9)      Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number.  Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12)   Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

13)   The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, <u>if not already done</u>, and to attempt service on Defendants pursuant to the standard procedures.

14)   Clerk is directed to enter the Court's Standard HIPAA order.

15)   Plaintiff's Motion to Request Counsel [4] is DENIED with leave to renew.

ENTERED:      May 17, 2016.

FOR THE COURT:

_s/ Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE